# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JIMMIE LEE WALTON, | ) | |
| ID # 1482003, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:08-CV-2166-K (BH) |
| | ) | |
| LUPE VALDEZ, Dallas County Sheriff, | ) | Referred to U.S. Magistrate Judge |
| Defendant. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Plaintiff, an inmate in the Texas prison system, filed the instant action pursuant to 42 U.S.C. § 1983 against Dallas County Sheriff Lupe Valdez for an alleged unlawful arrest and resulting deprivation of liberty. (Compl. at 3.) As set out in his complaint, he claims that the Dallas County Sheriff's Department forged his booking information sheet to reflect that he was arrested and charged with theft when the original arrest report indicates that "Lester Odom was charged with the same offense." (*Id.* at 4.)

In an effort to flesh out plaintiff's claims, the Court directed him to submit answers to a Magistrate Judge's Questionnaire (MJQ). On December 19, 2008, the Court received plaintiff's answers wherein he more fully sets out the basis for his false arrest claim. (*See* Answer to Question

2 of MJQ.)[1]  He claims that while on bond in Cause No. F07-49757, he was arrested on August 6, 2007, for a Class-C warrant, and the next day he was charged with theft in Cause No. F07-55639.[2] (*See id.*)  He was indicted in both cases in September 2007.  (*Id.*)  He claims that he was deprived of his liberty for five months because without the false arrest on theft charge that was later dismissed, he would have otherwise remained on bond until his conviction in January 2008. (*See* Answers to Questions 2 and 3 of MJQ.)  He contends that when trial was scheduled, he became aware that his name was forged on a booking information sheet which reflected an arrest for theft.  (*See* Answer to Question 2 of MJQ.)  Notwithstanding the forgery allegation, plaintiff's answers limit the defendant's involvement in this action to ordering him to arraignment on August 7, 2007.  (*See* Answer to Question 1 of MJQ.)

## II.  PRELIMINARY SCREENING

As a prisoner seeking redress from an officer or employee of a governmental entity, plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998).  Because he is proceeding *in forma pauperis*, plaintiff's complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.  *See id.*

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v.*

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint.  *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

[2] According to Dallas County public records, plaintiff was charged with and convicted of unauthorized use of a motor vehicle in Cause No. F07-49757, and charged with enhanced theft in Cause No. F07-55639, which was later dismissed.

*Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

### III. SECTION 1983 RELIEF

Plaintiff seeks relief against Valdez under 42 U.S.C. § 1983 for an alleged false arrest which deprived him of five months he could have remained on bond.

Section 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

Plaintiff's allegations show no personal involvement by Defendant Sheriff Valdez in the alleged false arrest. Without an allegation that Valdez was personally involved with that arrest, plaintiff's claim necessarily fails. *See Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). Even if Valdez was personally involved with the alleged false arrest for theft, plaintiff's claim still necessarily fails because the indictment for theft insulates her from liability based upon such alleged false arrest. *See Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994). To succeed on a claim of false arrest, there must be an absence of probable cause for the arrest, *see Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004), and an indictment demonstrates just the opposite,

3

*see Hastings v. City of Dallas Police Dep't*, No. 3:06-CV-1422-P, 2007 WL 1944408, at *3 n.2 (N.D. Tex. June 25, 2007) (accepting recommendation of Mag. J.), *appeal dismissed as frivolous*, 271 Fed. App'x 421 (5th Cir. 2008). Because plaintiff's own factual allegations show no false arrest, his claim is frivolous.³

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** this action with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Such dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).⁴

**SIGNED this 23rd day of December, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

³ The Court also notes that because plaintiff was convicted of unauthorized use of a motor vehicle, he would receive credit to that sentence for the time he spent in pre-trial custody. Consequently, he has suffered no harm from the time spent in pre-trial detention as the result of the alleged false arrest.

⁴ Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

/s/ Irma Carrillo Ramirez
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE